UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

JOHN STEWART, individually
and on behalf of all others similarly situated,

      Plaintiff,

vs.

VISTA HOTEL II INC dba BEST WESTERN
ST. AUGUSTINE BEACH INN,

      Defendant.

_____/

## CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, JOHN STEWART, on behalf of himself and the proposed class (defined below), brings this action against VISTA HOTEL II INC dba BEST WESTERN ST. AUGUSTINE BEACH INN ("Defendant"):

## INTRODUCTION

1.    For more than 25 years, the Americans with Disabilities Act ("ADA") has required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

2.    This mandate requires places of lodging to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms and _____.

**1**

3.      Defendant owns and/or operates the Best Western St. Augustine Beach Inn (the "Hotel" or the "Subject Property"), and, as part of those operations, provides hotel customers online reservations services via its website (hereinafter the "Website" which shall                                    refer                                    to https://www.bestwestern.com/en_US/book/hotels-in-saint-augustine-beach/best-western-st-augustine-beach-inn/propertyCode.10377.html and any other website operated by, controlled by, or acting at the direction of Defendant directly, or through contractual, licensing, or other arrangements, for the purposes described herein).   Defendant's Website reservations systems fail to provide information about the accessible features of the Hotel and its rooms to persons with disabilities.

4.      As such, Defendant has failed to make its reservations services fully and equally accessible to individuals with disabilities, thereby denying those individuals the same benefits and privileges afforded to guests without disabilities.

5.      Plaintiff accordingly seeks declaratory and injunctive relief establishing that Defendant has engaged in violations of the ADA, and requiring Defendant to comply with the ADA by providing individuals with disabilities accessible reservations services that are in all relevant aspects the same as the reservations services provided to non-disabled guests.

## JURISDICTION AND VENUE

6.      The claims alleged arise under Title III such that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

7.      Personal jurisdiction exists for Defendant because it manages and/or operates the Hotel, located in Florida.

8.      Venue in the Middle District of Florida is proper under 28 U.S.C. § 1391(b)(2) and rule 1.02 Local Rules of the United States District for the Middle District of Florida in that all the events giving rise to the lawsuit occurred in St. Johns's County, Florida.

## PARTIES

9.      Plaintiff JOHN STEWART, at all times relevant hereto, is and was a resident of Plantation, Florida.

10.      Plaintiff has a mobility disability and is limited in the major life activities of walking, standing, bending, reaching, and grasping which has caused him to be dependent upon a wheelchair for mobility.

11.      As Plaintiff requires a wheelchair accessible hotel and hotel rooms in order to fully and equally utilize services offered by hotels including the Hotel, he has a personal interest in ensuring that hotels comply with federal requirements governing the provision of accessible reservations services.

12.      Plaintiff is both a tester in this litigation and a consumer who wishes to obtain equal access Defendant's goods and services.

13.      Defendant VISTA HOTEL II INC, is organized under the laws of Florida with its principal place of business in Florida.

## FACTUAL ALLEGATIONS

14.      Defendant owns, manages and/or operates the Hotel.

15.      As part of its operations, Defendant provides its customers and the public

reservations services, including, but not limited to, the ability to reserve rooms online via the Website.

16.     Within the applicable limitations period, Plaintiff visited the Website and called the Defendant's hotel reservation line to identify the accessible features of the Hotel and its guest rooms to determine whether it met his accessibility needs as he needed to reserve an accessible room for an upcoming trip.

17.     Based on the information provided, Plaintiff made a reservation; however the information provided was not accurate as required by the ADA.  42 U.S.C. §12182 *et seq.* and 28 C.F.R. §  36.302(e)(1) *et seq.* ("ADA Accessibility Standards").

18.     Upon arrival Plaintiff was provided a room that was claimed to be accessible; however the bed and bathing facilities were not accessible to Plaintiff.

19.     Plaintiff was forced to sleep in a chair for the duration of his stay and had to cancel the remainder of his trip due to the inaccessibility of his hotel room.

20.     Defendant's failure to modify its policies, practices and procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms is discriminatory and violates ADA Accessibility Standards.

21.     Plaintiff is a tester in this litigation and a consumer who wishes to access Defendant's goods and services at the Hotel.  Plaintiff is being deterred from patronizing the Hotel on particular occasions but intends to return to the Hotel and the Website for the dual purpose of availing himself of the goods and services offered to the public by the Hotel and to ensure that Defendant ceases evading its responsibilities under federal law.

22.     However, the lack of accessible reservations services has deterred Plaintiff from staying at the Hotel.

23.     Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to provide accessible reservations services to persons with disabilities.

## CLASS ALLEGATIONS

24.     Plaintiff brings this action under Rule 23(a) and (b)(2) of the federal rules of civil procedure and on behalf of himself and the following class: "All individuals with disabilities who have been, or in the future will be, denied the full and equal enjoyment of reservations services offered to guests at the Hotel because of the lack of accessible reservations services through the Website."

25.     Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and the Court and will facilitate judicial economy.

26.     Typicality:  Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

27.     Common Questions of Fact and Law:  There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use

and enjoyment of, Defendant's goods, services and facilities due to the policies and practices described above.

28.     Adequacy of Representation:   Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of litigation under the ADA.

29.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

## CAUSE OF ACTION

### Violations of 42 U.S.C. §§ 12181, *et seq.*

30.     Plaintiff incorporates by reference the allegations stated in paragraphs "1" through "23" of this complaint as if fully stated herein.

31.     Plaintiff brings this claim individually and on behalf of the class.

32.     Plaintiff is an individual with a disability under the ADA. 42 U.S.C. § 12102(1)(A).

33.     Defendant, a hospitality business, is public accommodation under the ADA. 42 U.S.C. § 12181(7).

34.     Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

35.     Defendant operates online reservations systems through the Website within the meaning of the ADA. 42 U.S.C. § 12181(3) and (4).

36.     For reservations systems, Defendant must meet the requirements of the ADA as set forth in 28 C.F.R. § 36.302(e)(1) *et seq.*:

(e)(1)  Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

37.     Defendant has engaged in illegal disability discrimination by, without limitation, failing to ensure that reservations services offered on the Website and otherwise are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or other mobility aids, and/or by failing to ensure that personnel are trained to proficiency with respect to the provision of accessible reservations services.

38.     Moreover, by failing to provide accessible reservations services, Defendant has engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

a) denying individuals with mobility disabilities opportunities to participate in and benefit from the goods, services and facilities available at Defendant's Hotel;

b) affording individuals with mobility disabilities unequal access to goods, services or facilities;

c) utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuating the discrimination of others who are subject to common administrative control;

d) Failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges, advantages, or accommodations to individuals with mobility disabilities.

39.     Here, Plaintiff reserved an accessible room but as not provided with one and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact; specifically, the bathing facilities and bed were inaccessible to Plaintiff.

40.     The Defendant has discriminated and continues to discriminate against the Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the subject property as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

41.     Plaintiff intends to return within the next year on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by the Defendant's failure and refusal to provide disabled persons with full and equal access to their facilities. 42.

42.     Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barrier, policies and procedures which are in violation of the ADA.

43.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA See 28 CFR §36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28

C.F.R.  Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

44.     The Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

- failure to provide areas with sufficient space to allow for a compliant turn radius by persons ambulating in wheelchairs;

- failure to provide shower and bathing fixtures at the appropriate heights and within reach by persons in wheelchairs; and

- failure to provide equal access to Defendant's hotel due to inaccessible beds for persons in wheelchairs.

45.     To the best of Plaintiff's belief and knowledge, the Defendant has failed to eliminate the specific violations set forth in paragraph 44.

46.     Although the Defendant is charged with having knowledge of the violations, the Defendant may not have actual knowledge of said violations until this Complaint makes the Defendant aware of same.

47.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

48.     Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendant was required to make the establishment a place of public accommodation

accessible to persons with disabilities by January 28, 1992. As of this date the Defendant has failed to comply with this mandate.

49.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

50.     All of the above violations are readily achievable to modify in order to bring the Subject Facility/Subject Property into compliance with the ADA as the modifications can be easily accomplished and are able to be carried out without much difficulty or expense. 42 U.S.C.12182 (b)(2)(A)(iv); 42 U.S.C. 12181(9); 28 C.F.R. 36.304.

51.     Upon information and belief, the Defendant has the financial resources to make the necessary modifications.

52.     In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 29 can be applied to the 1991 ADAAG standards.

53.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facilities to make them readily accessible to and usable by individuals with disabilities to the extent required by the ADA and closing the Subject Facility until the requisite modifications are completed.

54.     Defendant's ongoing and continuing violations of Title III have caused, and in the absence to an injunction will continue to cause harm to the Plaintiff and the class.

55.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgement as follows:

1.      A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant failed to take action reasonably calculated to ensure that Defendant's reservations services were fully accessible to, and independently usable by individuals with mobility disabilities;

2.      A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.302(e)(1) *et seq.* which directs Defendant to take all steps necessary to bring its reservations services into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that those reservations services are fully accessible to, and independently usable by, individuals with disabilities, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

3.      An Order requiring Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

4.      An Order directing the Defendant to evaluate and neutralize policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

5.      An Order Certifying the proposed class, naming Plaintiff as the representative of

the class, and designating counsel for Plaintiff as class counsel;

6.      Payment of costs and reasonable attorneys' fees as provided for by law; and

7.      Such other additional or alternative relief as the Court finds just and proper.

Dated this 19th day of June, 2019.

Respectfully submitted,

**The Advocacy Group**
*Attorney for Plaintiff*
200 S.E. 6th St., Ste. 504
Fort Lauderdale, FL 33301
Telephone: (954) 282-1858
Service Email: service@advocacypa.com

By */s/ Jessica L. Kerr*
Jessica L. Kerr, Esq.
Fla. Bar No. 92810